IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


KIMBERLY ANN BRAHLER-BARNES                                    PLAINTIFF

v.                              Civil No. 2:25-mc-00058-TLB-MEF

ARKANSAS DEPARTMENT OF
HUMAN SERVICES                                                 DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28

U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2).

Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to

proceed *in forma pauperis*.

**I.          BACKGROUND**

Plaintiff filed a document entitled "Emergency Motion for Temporary Restraining Order"

on December 15, 2025. (ECF No. 1). In the Introduction to the Motion,[1] Plaintiff states:

> This case arises from the State's unlawful interference with
> Plaintiff's fundamental parental rights. Plaintiff is the biological,
> non-offending mother of BS. BS was not removed from Plaintiff's
> care. Instead, the child was removed from a guardian, despite
> Plaintiff being available, fit, and legally entitled to immediate
> placement.
> Despite this, Plaintiff was excluded from all critical proceedings, not
> notified of hearings, falsely labeled in court filings, and denied
> participation in decisions affecting her child.

(*Id.*).

---

[1] The Court notes that this document and subsequent Supplemental Complaint appear to have been
generated using an artificial intelligence tool to create both documents.

1

Plaintiff subsequently filed a document labeled as a Supplemental Complaint on January 7, 2026. (ECF No. 4). Plaintiff states that she is submitting this Supplemental Complaint "to allege additional facts demonstrating violations of clearly established statutory and constitutional rights arising from dependency-neglect proceedings involving her minor child." (*Id*. at 1). She indicates that the Supplemental Complaint is filed "In Support of previously Filed 42 U.S.C. § 1983 Complaint" and for the purposes of 28 U.S.C. § 1915 Screening. (*Id*.). In her Supplemental Complaint, Plaintiff alleges that based on the violation of the various Arkansas state statutes cited, she has stated a claim under 42 U.S.C. § 1983. (*Id*. at 3).

## II.      LEGAL STANDARD

Under both § 1915 and § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B), 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.        ANALYSIS

The Arkansas Department of Human Services is not a person or legal entity subject to suit under § 1983. *Zar v. S.D. Bd. of Exam'rs of Psychologists*, 976 F.2d 459, 464 (8th Cir. 1992) (state departments not "persons" under § 1983).

Further, "[f]ederal courts do not have jurisdiction over any 'action for which the subject is ... child custody.'" *Farmer v. Duncan*, No. 5:17-CV-05171, 2018 WL 295800, at *3 (W.D. Ark. Jan. 4, 2018), citing *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted) (federal courts may also abstain from exercising jurisdiction over cause of action related to an action for child custody.)). Here, Plaintiff's asserted claims and the underlying state court case are based on issues concerning the custody of Plaintiff's minor child. Accordingly, this Court does not have jurisdiction to hear this case.

## IV.        CONCLUSION

For the reasons stated, it is RECOMMENDED that Plaintiff's "Emergency Motion for Temporary Restraining Order" (ECF No. 1) and Supplemental Complaint (ECF No. 4) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

3

**objections may result in a waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of March 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4